# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

RAJENDRA SINGH, M.D.,

    Plaintiff,

vs.

ALLEN MEMORIAL HOSPITAL CORPORATION,

    Defendant.

No. C04-2090

**ORDER**

This matter comes before the court pursuant to plaintiff's January 4, 2006 motion for leave to file second amended complaint (docket number 16). Defendant resisted plaintiff's motion on January 11, 2006. As set forth below, plaintiff's motion to amend is granted.

<u>Leave to Amend Complaint</u>

Plaintiff filed his lawsuit on December 8, 2004, pursuant to Title VII, § 1981a, and Iowa Code Chapter 216, alleging that the defendant terminated his employment because of his race and national origin. On April 22, 2005 the plaintiff amended his complaint to include a jury demand. By this amendment, plaintiff seeks to add a claim under 42 U.S.C. § 1981 (in addition to his already pleaded claim under 42 U.S.C. § 1981a), which would place no limit on the amount of punitive damages which could be awarded. According to the plaintiff's motion, this amendment would not significantly alter his theory of the case, i.e., race and color discrimination, which have already been pleaded.

Defendant resists plaintiff's motion, arguing that it should be denied as untimely, and because plaintiff has failed to demonstrate "good cause" for amending the scheduling order, as required by Local Rule 16.1.

1

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires. The Supreme Court has stated that the granting of leave to amend is within the discretion of the district court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). However, in the absence of a good reason for the denial of the motion, such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the defendant or futility of the amendment, denial of leave to amend is an abuse of discretion. Foman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff's motion for leave to amend is granted. The plaintiff merely wants to add to its complaint an additional avenue for a damage award. No substantive issues will be changed by the amendment, and no additional discovery will be needed. There is no evidence of bad faith by the plaintiff or undue prejudice to the defendant.

Upon the foregoing,

IT IS ORDERED that plaintiff's motion for leave to file second amended complaint (docket number 16) is granted. The clerk shall detach and file plaintiff's second amended complaint and jury demand.

March 1, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT