IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN-WATERLOO DIVISION

| | | |
|---|---|---|
| RAJENDRA SINGH, M.D., | ) | Case No. CV04-2090LRR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALLEN MEMORIAL HOSPITAL | ) | DEFENDANT'S BRIEF IN SUPPORT |
| CORPORATION, | ) | OF ITS MOTION IN LIMINE |
| | ) | |
| Defendant. | ) | |

Defendant Allen Memorial Hospital Corporation submits this brief in support of its Motion in Limine.

## ARGUMENT

**I.   EVIDENCE OF ANY ALLEGED DISCRIMINATION DIRECTED TOWARD EMPLOYEES OTHER THAN PLAINTIFF SHOULD BE EXCLUDED AT TRIAL UNDER FEDERAL RULES OF EVIDENCE 402 AND 403.**

Plaintiff should not be permitted to offer evidence of other alleged incidents of discrimination involving other employees. Any such evidence is not relevant to Plaintiff's claim of race and national origin discrimination. To prevail on his claim in this matter, Plaintiff must establish that his race and national origin were the motivating factor in his discharge from Allen Memorial Hospital. Evidence of other alleged incidents of discrimination not involving Plaintiff are not relevant to Plaintiff's current cause of action, because they would bear no relationship whatsoever to Plaintiff's discharge. Such evidence will also mislead the jury and prejudice Allen Memorial Hospital as requiring it to defend against allegations not encompassed in the

Complaint in this case. A failure to exclude any such "me too" evidence will confuse the issues presented to the jury and substantially prolong the trial.

> A. **Evidence of any Alleged Discrimination Directed Toward Employees Other than Plaintiff is Irrelevant and must be Excluded Under Federal Rule of Evidence 402.**

The issue in this case does not concern the treatment of other employees in unrelated incidents. The only issue is whether Allen Memorial Hospital discriminated against Plaintiff based upon his race and national origin. Therefore, any and all evidence of alleged discrimination of any other employees is irrelevant and must be excluded under Federal Rule of Evidence 402.

A plaintiff may not prove a discrimination case simply by arguing that other employees were victims of discrimination. The Eighth Circuit has consistently held that a district court will not abuse its discretion by refusing to admit testimony of other witnesses concerning their own complaints or perceptions of discrimination that are unrelated to the Plaintiff's claim. See Harris v. Secretary, U.S. Dep't of Army, 119 F.3d 1313 (8th Cir. 1997) (finding such evidence highly prejudicial and irrelevant); Callanan v. Runyun, 75 F.3d 1293 (8th Cir. 1996) (finding no abuse of discretion to exclude irrelevant and prejudicial testimony of other witnesses).

This issue was also thoroughly discussed by the Fifth Circuit in Goff v. Continental Oil Co., 678 F.2d 593 (5th Cir. 1982) (overruled on other grounds Carter v. South Cent. Bell, 912 F.2d 832 (5th Cir. 1990). In Goff, the plaintiff brought a claim under Title VII of the Civil Rights Act for race discrimination alleging that his employer, Conoco, failed to promote him because of his race. Id. at 595. Goff attempted to support his discrimination claim by eliciting the testimony of three witnesses about their own mistreatment by the company, rather than the

company's mistreatment of the plaintiff.  Id. at 596-97.  The Goff court ruled that the trial court properly excluded the witnesses' testimony, stating:

> Goff's claim was one of individualized, as opposed to class wide discrimination. To prevail he had to show that Conoco purposefully discriminated against him. The witnesses Goff wanted to call could not testify as to Conoco's motive, intent, or purposefulness in failing to promote Goff....All the witnesses could have testified to was their own individualized dealings with Conoco.

Id. at 596-97 (emphasis in original).

The court concluded in Goff that the witnesses' testimony simply "would not have related to the issue of whether [the plaintiff] suffered discrimination." Id. at 597.  Similarly, here, any evidence of alleged discrimination directed toward employees other than Plaintiff should be barred as irrelevant to Plaintiff's individualized claim of race and national origin discrimination.

> **B.    Evidence of any Alleged Discrimination Directed Toward Employees Other than Plaintiff is Unduly Prejudicial, Confusing, and will cause Unnecessary Delay and must be Excluded Under Federal Rule of Evidence 403.**

The probative value of any such anecdotal evidence that Plaintiff may offer, if any, is also substantially outweighed by its prejudicial effect on Allen Memorial Hospital as well as by the confusion and unnecessary delay it will cause at trial.  Indeed, the admission of such evidence would give rise to a number of "mini-trials within a trial," as Allen Memorial Hospital will be required to defend itself and offer rebuttal evidence regarding each irrelevant "other incident" concerning an employee other than Plaintiff.  Such rebuttal evidence would necessarily include evidence regarding each of the allegedly discriminated employees, and numerous witnesses and exhibits concerning each alleged incident and Allen Memorial Hospital's response to it.  See McCluney v. Jos. Schlitz Brewing Co., 728 F.2d 924, 929 (7th Cir. 1984).

3

The plaintiff in McCluney, brought a Title VII claim against his employer, alleging he was discharged because he expressed opposition to his employers' transfer policy, which he believed discriminated against women. Id. at 926. To support his claim, plaintiff sought to proffer evidence that he had also opposed a variety of other workplace events and matters, which he believed also discriminated against women. Id. at 929.

The McCluney court ruled that the trial court properly excluded all the plaintiff employee's evidence relating to any matter other than the transfer policy at issue. See Id. In so ruling, the court reasoned that, to permit evidence of the plaintiff employees' opposition to matters other than the transfer policy (even though he also opposed them as sexually discriminatory) would improperly create the very "trials within a trial" problem identified above. As the court stated:

> If the district court had allowed the evidence in, it would have had to explore whether McCluney had a reasonable belief of discrimination in each instance and would have had to allow [the employer] the opportunity to counter each instance. The evidence would have consumed a great deal of the district court's time and had very slight probative value....

Id.

Other courts have applied the McCluney rationale to discrimination claims. See Dupre v. Fru-Con Engineering Inc., 112 F.3d 329, 336-37 (8th Cir. 1997) (stating that, if the issue had been properly preserved for appeal, the exclusion of a co-workers testimony was not an abuse of discretion because of the temporal remoteness of the remarks and the fact that they did not bear directly on the issue to be decided); Moorhouse v. Boeing Co., 501 F. Supp. 390 (E.D. Pen. 1980) affirmed 639 F.2d 774 (3d Cir. 1980). The court in Moorhouse rejected the testimony of five witnesses who were offered to testify that they too were the victims of discrimination. The

plaintiff argued that such evidence established a "pattern or practice" of discrimination. The court excluded their testimony, explaining that:

> Had the court permitted each of the proposed witnesses to testify about the circumstances surrounding his own layoff, each, in essence, would have presented a *prima facia* case of age discrimination. Defendants then would have been placed in the position of either presenting the justification for each witness' layoff, or of allowing the testimony to stand unrebutted. This latter alternative, of course, would have had an obviously prejudicial impact on the jury's consideration of [plaintiff's] case.

Id. at 393.

Federal Rule of Evidence 403 requires balancing the probative value of the evidence with the danger of unfair prejudice. See Sheridan v. E.I. du Pont de Nemours & Co., 100 F.3d 1061, 1076 (3d Cir. 1996). In Sheridan, Plaintiff brought a suit against her employer for discrimination based on her sex. Id. The exclusion of a female co-worker's testimony regarding other discriminatory comments of the supervisor was proper under Rule 403. Id. Although the comments would have been relevant to determine whether the supervisor was biased against women in general, the comments were more prejudicial than probative as to whether the plaintiff was discriminated against. Id. The danger of unfair prejudice outweighed the probative value of the employee's testimony in relation to the plaintiff's specific discrimination claim. Id.

In Easley v. American Greetings Corp., 158 F.3d 974 (8th Cir. 1998), the Court concluded the district court did not abuse its discretion when it excluded alleged overtures to the employee, Easley, made by Hall, the person who would ultimately terminate her, rather than the supervisor's behavior that she had complained about in her action. The Court determined the district court had a reasonable basis for concluding that the proffered testimony's slight probative value was substantially outweighed by counterbalancing Rule 403 considerations:

> Admitting the evidence would have opened the door to the introduction of evidence on collateral issues (the existence, context, and appropriateness of Hall's overtures to Easley) that only would prolong the trial and that might confuse the jury. The testimony also would have created a risk of unfair prejudice: the jury might conclude Easley should recover on the grounds that Hall had sexually harassed her or that he had retaliated because she had rejected his advances, when neither of these issues was properly before the jury.

Id.

Allen Memorial Hospital has a concern about relevance, jury confusion and undue prejudice. The ultimate effect of admitting testimony of other Allen Memorial Hospital employees would divert the jury's attention away from the only issue in this case - whether Plaintiff's race and national origin were the motivating factor in his discharge. The risk is considerable that a jury might determine Allen Memorial Hospital was guilty of discrimination based not upon actions with Plaintiff but upon Allen Memorial Hospital's treatment of other employees. Accordingly, such evidence of any alleged discrimination directed towards employees other than Plaintiff should be excluded under Federal Rules of Evidence 402 and 403.

**II.   DEFENDANT'S INSURANCE INFORMATION IS IRRELEVANT UNDER FEDERAL RULE OF EVIDENCE 411.**

As part of the discovery process in this case, Defendant provided insurance coverage information in response to Plaintiff's document requests. Any information or evidence regarding Defendant's insurance coverage for any claim made by Plaintiff is irrelevant and inadmissible for Plaintiff's discrimination claim. Evidence of insurance is prescribed by Federal Rule of Evidence 411.

**III.  EVIDENCE REGARDING PLAINTIFF'S DEPARTURE FROM FINLEY HOSPITAL SHOULD BE EXCLUDED UNDER FEDERAL RULES OF EVIDENCE 402 AND 403.**

Plaintiff was employed at Finley Hospital in Dubuque for a period of time following his discharge from Allen Memorial Hospital. Plaintiff has reported that he was let go from Finley

Hospital in Dubuque because of its affiliation with Iowa Health Systems. It is anticipated that Plaintiff will seek to introduce this information into evidence during trial. The evidence should be excluded under Federal Rules of Evidence 402 and 403.

First, the information about Finley Hospital is irrelevant to Plaintiff's claim of race and national origin discrimination alleged in his Complaint against Allen Memorial Hospital. The actions of Finley Hospital have no relevance whatsoever to Plaintiff's discharge from Allen Memorial Hospital. Plaintiff has brought a discrimination claim against Allen Memorial Hospital. To recover on his discrimination claim, Plaintiff must prove that his race and national origin were the motivating factor in his discharge. There is no claim of retaliation alleged against Allen Memorial Hospital in Plaintiff's Complaint. Therefore, any evidence regarding Plaintiff being let go by Finley Hospital is irrelevant to Plaintiff's proof of his discrimination claim. See Fed. R. Evid. 402. Such irrelevant evidence should be excluded under Rule 402.

Any probative value to the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues for the jury, and an unnecessary waste of trial time. See Fed. R. Evid. 403. As discussed above, Defendant does not believe the evidence about Plaintiff being let go from Finley Hospital is relevant to his discrimination claim against Allen Memorial Hospital. If it is determined that there is some probative value to this evidence, it is clearly outweighed by prejudice and confusion. Rule 403 balances the probative value of the evidence with the danger of unfair prejudice and confusion of the issues for the trial. See Id. The rule also considers whether the evidence would waste trial time. Id. The evidence regarding Plaintiff being let go from Finley because of its affiliation with the Iowa Health System clearly carries more danger of being prejudicial and confusing than providing any probative evidence for Plaintiff's discrimination claim. The evidence may cause the jury to be confused about the

actions taken by Finley versus the actions of Allen Memorial Hospital and how Finley's action relates to Plaintiff's claim of discrimination against Allen Memorial Hospital. Defendant is also subject to prejudice because the evidence is based upon actions taken by an entity other than itself. Presentation of this evidence will also waste trial time. Therefore, this evidence should be excluded under Federal Rules of Evidence 402 and 403.

### IV. EVIDENCE OF ALLEGED INAPPROPRIATE INTUBATION OF A DECEASED BLACK PATIENT SHOULD BE EXCLUDED UNDER RULE 403.

During his deposition, Plaintiff testified about an incident at Allen Memorial Hospital where he believes Dr. Jerry Browne inappropriately practiced intubation on a deceased black patient. Plaintiff may seek to introduce this evidence during the trial of this case. Such evidence is not relevant to Plaintiff's claim of discrimination against Defendant in this action. Plaintiff is alleging discrimination in his discharge by Defendant because of his race and national origin. Plaintiff is of Indian descent. The evidence regarding the intubation incident is not relevant to Plaintiff's discrimination claim because it does not involve Plaintiff's employment or any employment action. Furthermore, the incident does not involve a person of Indian origin. Therefore, any probative value is substantially outweighed by the danger of prejudice to Defendant. See Fed. R. Evid. 403. The balancing test set forth in Federal Rule of Evidence 403 weighs in favor of excluding this evidence during trial. Such evidence has the danger of inflaming the jury against Defendant for something that is not probative of whether Plaintiff himself was discriminated against by Allen Memorial Hospital. Therefore, such evidence should be excluded from evidence under Federal Rule of Evidence 403.

## V.  CONCLUSION

For the reasons set forth above and in its Motion in Limine, Defendant requests the Court for an order in limine directing counsel for Plaintiff and any and all of Plaintiff's witnesses, to refrain from mentioning directly or indirectly, in any manner whatsoever, any of the matters set forth in this brief.

/s/ Frank Harty  AT0003356
Stephanie L. Marett  AT0004903
NYEMASTER, GOODE, WEST,
HANSELL & O'BRIEN
700 Walnut Street, Suite 1600
Des Moines, Iowa  50309-3899
Telephone:  (515) 283-3100
Facsimile:  (515) 283-8045
E-Mail:  fharty@nyemaster.com
E-Mail:  slm@nyemaster.com

ATTORNEYS FOR DEFENDANT

### CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2006, I presented the foregoing to the Clerk of the Court for filing and uploading into the ECF system, which will send notification of such filing to participating lawyers entered in this case.

Thomas D. Wolle
Moyer & Bergman, P.L.C.
2720 First Avenue NE
P.O. Box 1943
Cedar Rapids, Iowa  52406-1943
Phone: (319) 366-7331
Fax: (319) 366-3668
E-mail: twolle@moyerbergman.com
ATTORNEY FOR PLAINTIFF          /s/  Frank Harty