**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

RAJENDRA SINGH, M.D.,

    Plaintiff,

vs.

ALLEN MEMORIAL HOSPITAL
CORPORATION,

    Defendant.

No. 04-CV-2090-LRR

**ORDER REGARDING
MOTIONS IN LIMINE**

_____

*TABLE OF CONTENTS*

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.    PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . 2

III.    ALLEN HOSPITAL'S MOTION IN LIMINE . . . . . . . . . . . . . . . . . . 2
    A.    *Uncontested Issues* . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        1.    *Insurance coverage* . . . . . . . . . . . . . . . . . . . . . 3
        2.    *Dr. Singh's termination from Finley Hospital* . . . . . . . . . . . 3
    B.    *Contested Issues* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        1.    *Claims of discrimination by other Allen Hospital employees* . . 4
        2.    *Dr. Browne's alleged intubation and comment* . . . . . . . . . . 6

IV.    DR. SINGH'S MOTION IN LIMINE . . . . . . . . . . . . . . . . . . . . . . 8
    A.    *Uncontested Issue* . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    B.    *Contested Issues* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
        1.    *Dr. Kurt's testimony* . . . . . . . . . . . . . . . . . . . . . . 9
            a.    *September 11, 2001 comments* . . . . . . . . . . . . . . . . 9
            b.    *Patient care* . . . . . . . . . . . . . . . . . . . . . . . . 10
        2.    *Dr. Lawse's testimony* . . . . . . . . . . . . . . . . . . . . . . 10

V.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## I. INTRODUCTION

The matters before the court are Defendant's Motion in Limine (docket no. 26) and Plaintiff's Motion in Limine (docket no. 27).

## II. PROCEDURAL BACKGROUND

On December 7, 2004, Plaintiff Rajendra Singh, M.D. ("Dr. Singh"), filed a Complaint against Defendant Allen Memorial Hospital Corporation ("Allen Hospital"), alleging employment discrimination based on race, national origin and color. On April 25, 2005, Plaintiff filed an Amended Complaint, and, on March 1, 2006, a Second Amended Complaint. On June 23, 2006, the parties filed the instant motions in limine. On June 30, 2006, the parties filed resistances.

On July 17, 2006, the court held a Final Pretrial Conference ("FPTC"). Attorneys Thomas D. Wolle and Kevin Visser represented Dr. Singh. Attorney Frank Harty represented Allen Hospital. The parties made brief oral arguments regarding the motions in limine.

In ruling on the motions in limine, the court assumes that the offering party is able to comply with the other Federal Rules of Evidence for the admissibility of evidence. The rulings in this order go to the specific evidentiary issues raised by the parties.

## III. ALLEN HOSPITAL'S MOTION IN LIMINE

In its Motion in Limine, Allen Hospital seeks to exclude the following evidence from trial: (1) other claims of discrimination not involving Dr. Singh; (2) information regarding Allen Hospital's insurance coverage; (3) the fact that Dr. Singh was fired from Finley Hospital because it is affiliated with Iowa Health Systems; and (4) the fact that Dr. Jerry Browne ("Dr. Browne") practiced intubation on a deceased black patient and made a racially-charged comment regarding the patient.

### A. Uncontested Issues

#### 1. Insurance coverage

Due to the parties' concessions and agreement, the court hereby orders that evidence regarding Allen Hospital's insurance coverage for claims made by Dr. Singh not be raised at trial through reference by the attorneys, through the introduction of evidence or through witness testimony.

#### 2. Dr. Singh's termination from Finley Hospital

Allen Hospital seeks to exclude evidence that Dr. Singh "was let go from Finley Hospital in Dubuque." It claims that such evidence is irrelevant and that introduction of such evidence will waste time, confuse the jury and prejudice Allen Hospital. Dr. Singh responds that such evidence must be presented to the jury to prevent the jury members from speculating as to the reason he is no longer employed at Finley Hospital. The parties both agree that Dr. Singh was terminated from Finley Hospital because both Finley Hospital and Allen Hospital are affiliated with Iowa Health Systems. Dr. Singh was not terminated because of performance issues.

At the FPTC, the parties indicated that they would attempt to craft a stipulation regarding this issue. To date, the court has not been advised of such a stipulation. Additionally, at the FPTC, Allen Hospital advised the court that it would no longer pursue its mitigation defense. At the FPTC, Allen Hospital agreed that Dr. Singh should be allowed to "provide some explanation" for the termination. The court agrees that such post-termination evidence is relevant to Dr. Singh's claim of employment discrimination, because if the jury is not given a reason for the termination, they will likely speculate as to the reason and such speculation could harm Dr. Singh.

Due to the parties' concessions and agreement, the court shall deny this portion of Allen Hospital's Motion in Limine.

### B. Contested Issues

#### 1. Claims of discrimination by other Allen Hospital employees

Pursuant to Federal Rules of Evidence 402 and 403, Allen Hospital seeks to exclude "evidence of other unrelated claims of discrimination [at Allen Hospital] that were not directed towards [Dr. Singh]." Allen Hospital argues that such evidence is not relevant and that it would mislead and confuse the jury. Dr. Singh responds that such a "blanket" exclusion of evidence is impermissible.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Generally, relevant evidence is admissible at trial. *See* Fed. R. Evid. 402. However, relevant evidence may be excluded under Federal Rule of Evidence 403 if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

In order to prevail on his claims of employment discrimination, Dr. Singh must prove that: (1) Allen Hospital discharged Dr. Singh; and (2) Dr. Singh's race, color or national origin was a motivating factor in Allen Hospital's decision. Eighth Cir. Manual of Model Civil Jury Instructions § 5.01 (2005). Here, Allen Hospital is asserting the "same decision" defense. Therefore, if the jury finds that Dr. Singh's race, color or national origin were motivating factors in Allen Hospital's decision to discharge him, then the jury will be required to determine whether Allen Hospital would have discharged Dr. Singh regardless of his race, color or national origin. *Id.* at 5.01A.

The Eighth Circuit Court of Appeals has observed that a "blanket evidentiary exclusion" of other incidents of discrimination involving other employees can be

4

"especially damaging in employment discrimination cases." *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1103 (8th Cir. 1988), *superceded on other grounds by Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989); *see also Hawkins v. Hennepin Technical Ctr.*, 900 F.2d 153, 155-56 (8th Cir. 1990) (holding that the court's ruling on a motion in limine "unfairly prevented [the plaintiff] from proving her case" in a sexual harassment retaliation case where the court barred plaintiff from "making any reference" to allegations of sexual harassment that preceded her complaint and subsequent retaliation). *But see Summit v. S-B Power Tool*, 121 F.3d 416, 422 (8th Cir. 1997) (upholding the trial court's exclusion of evidence of sexual harassment which occurred six years before plaintiff's alleged constructive discharge, in part, because the court "admitted the balance of [the plaintiff's] background information" in the age discrimination case). Although blanket exclusions are viewed with skepticism, *Estes*, 856 F.2d at 1103, to be admissible, the evidence "must assist in the development of a reasonable inference of discrimination within the context of each case's respective facts." *Callanan v. Runyun*, 75 F.3d 1293, 1298 (8th Cir. 1996); *see also Gillming v. Simmons Indus.*, 91 F.3d 1168, 1173 (8th Cir. 1996) ("Although blanket evidentiary exclusions based on relevance grounds are not favored in discrimination cases, to be admissible the evidence must assist in developing a reasonable inference of discrimination.").

Here, Allen Hospital, the moving party, has not specified what evidence it seeks to exclude. If the other acts of discrimination by Allen Hospital occurred close in time and are similar in circumstances to the discrimination allegedly suffered by Dr. Singh, evidence regarding the other incidents may be admissible. *See, e.g.*, *Duckworth v. Ford*, 83 F.3d 999, 1001-02 (8th Cir. 1996) (upholding the admission of "[e]vidence that [the employer] had retaliated against someone else at about the same time and under similar circumstances" under Rule 404(b) because the evidence was of the kind "from which the

5

jury could reasonably infer that [the employer] had a similar motive or intent to retaliate against [the plaintiff]"); *Phillip v. ANR Freight Sys., Inc.*, 945 F.2d 1054, 1056 (8th Cir. 1991) (reversing the district court's exclusion of "evidence of other age discrimination lawsuits filed against [the defendant]" and explaining that "the admission of such 'background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive'" (citing *Estes*, 856 F.2d at 1103)). However, these other incidents of alleged discrimination may be irrelevant, confusing to the jury and prejudicial to Allen Hospital. Fed. R. Evid. 402 and 403.

The court shall reserve ruling on this portion of Allen Hospital's Motion in Limine at this time. The court cannot grant a blanket exclusion of evidence that Allen Hospital previously discriminated against other employees on the basis of national origin, race or color. *Estes*, 856 F.2d at 1103; *Callanan*, 75 F.3d at 1298. Therefore, before Dr. Singh seeks to introduce such evidence or refer to it in anyway in the presence of the jury, he must demonstrate, by an offer of proof, that the evidence meets the criteria of admissibility as stated in the cases cited herein. That is, he must demonstrate that the evidence "assist[s] in the development of a reasonable inference of discrimination." *Callanan*, 75 F.3d at 1298.

The court shall reserve ruling on this portion of Allen Hospital's Motion in Limine. The court will accept offers of proof in the form of affidavits. The parties shall be directed to file these offers of proof before July 24, 2006.

### 2. *Dr. Browne's alleged intubation and comment*

Allen Hospital seeks to preclude Dr. Singh from seeking to admit evidence regarding inappropriate practices and racial comments by Dr. Browne. Specifically, Dr. Singh seeks to introduce evidence that Dr. Browne performed an intubation on a deceased

6

black patient and when asked whether he had the permission to intubate from the decedent's family, Dr. Browne replied that "black people were born to experiment on before and after death." Allen Hospital argues that this alleged evidence is not relevant or probative because it does not involve Dr. Singh's employment and Dr. Singh is of "Indian descent." Additionally, Allen Hospital argues that the evidence is extremely prejudicial and should be excluded under Rule 403. Dr. Singh responds that Dr. Browne's remarks are not merely "stray remarks" and that Dr. Browne was a decision maker and supervisor at Allen Hospital. Dr. Singh argues that the evidence is admissible because it shows a "climate of bias" in the emergency department. Neither party informed the court as to when the alleged incident occurred.

"[E]vidence which tend[s] to show a climate of race . . . bias" in the workplace may be relevant and admissible in an employment discrimination suit. *Estes*, 856 F.2d at 1102. The court finds that race-based comments like the ones allegedly made by Dr. Browne "can constitute evidence of a discriminatory intent." *Madel v. FCI Marketing, Inc.*, 116 F.3d 1247, 1252 (8th Cir. 1997). The Eighth Circuit Court of Appeals has noted, however, that it has "distinguished between comments which demonstrate a discriminatory animus in the decisional process from stray remarks in the workplace, statements by nondecisionmakers or statements by decisionmakers unrelated to the decisional process." *Id.* (internal citations and quotations omitted); *see also Hitt v. Harsco Corp.*, 356 F.3d 920, 925 (8th Cir. 2004) ("While we have noted that 'stray remarks' regarding age may be relevant to establishing a prima facie case or pretext under some circumstances, such comments are not persuasive evidence of motive when the remarks are made by persons other than a decisionmaker."). Essentially, if a reasonable person could infer from Dr. Browne's race-based remarks that his recommendation to discharge Dr. Singh was based on Dr. Singh's race, then the remarks may be admissible. *Madel*, 116 F.3d at 1252.

7

"Although . . . stray remarks, standing alone, may not give rise to an inference of discrimination, such remarks are not irrelevant." *Fisher v. Pharmacia & Upjohn*, 225 F.33d 915, 922 (8th Cir. 2000). "Not all comments that may reflect a discriminatory attitude are sufficiently related to the adverse employment action in question to support such an inference." *Walton v. McDonnell Douglas Corp.*, 167 F.3d 423, 426 (8th Cir. 1999).

Dr. Browne's alleged comment is best classified as a "statement[] by [a] decisionmaker[] unrelated to the decisional process." *Madel*, 116 F.3d at 1252. The court finds that the alleged racial comment is relevant because Dr. Browne, the Director of Emergency Medicine at Allen Hospital, was one of the two individuals who discharged Dr. Singh, and such a comment shows make it more probable that there was a climate of racial bias at Allen Hospital. *See Estes*, 856 F.2d at 1097. The probative value of such evidence is not substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

The court shall deny Allen Hospital's Motion in Limine in this regard and, so long as the alleged incident occurred during the course of Dr. Singh's employment at Allen Hospital, the court shall allow Dr. Singh to present evidence regarding Dr. Browne's comment and actions regarding the intubation of the deceased black patient.

### IV. DR. SINGH'S MOTION IN LIMINE

In his Motion in Limine, Dr. Singh seeks to exclude the following additional evidence from trial: (1) Dr. Kendall Kurt's ("Dr. Kurt") testimony regarding certain statements made by Dr. Singh; (2) Dr. Dorthy Lawse's ("Dr. Lawse") testimony regarding certain statements made by Dr. Singh; and (3) Allen Hospital's Proposed Exhibit UUU.

### A. Uncontested Issue

Due to the parties' concessions and agreement, the court hereby orders that Allen Hospital's Proposed Exhibit UUU not be raised at trial through its introduction or through reference to its substance by the attorneys or witnesses.

### B. Contested Issues

#### 1. Dr. Kurt's testimony

##### a. September 11, 2001 comments

Dr. Singh seeks to prohibit Allen Hospital from eliciting testimony from Dr. Singh's former colleague, Dr. Kurt, regarding the fact that Dr. Singh previously made several statements to others in which he blames the September 11, 2001 tragedy on Jewish people. Dr. Singh argues that such testimony is irrelevant and unduly prejudicial. He argues that it should be excluded pursuant to Rules 402 and 403. Allen Hospital argues that this evidence is relevant to Dr. Singh's discrimination claims, because he was discharged, in part, for relating poorly to patients and other staff members.

In the *McDonnell Douglas* burden-shifting framework, Allen Hospital must articulate a "legitimate, non-discriminatory reason" for discharging Dr. Singh. *Richardson v. Sugg*, 448 F.3d 1046, 1060 (8th Cir. 2006). Additionally, Allen Hospital will be asserting a "same decision" defense. Allen Hospital argues that it discharged Dr. Singh, in part, because he "had a chip on his shoulder" and claimed that he had been treated differently by patients and staff since September 11, 2001. It argues that, because of his attitude, he did not work well with others.

The court finds that the September 11th comments allegedly made by Dr. Singh are relevant to his claims and to Allen Hospital's defense. They are not unduly prejudicial. The court shall deny this portion of Dr. Singh's Motion in Limine and Allen Hospital shall be allowed to elicit testimony from Dr. Singh's co-workers regarding this issue.

### b. Patient care

Dr. Singh also seeks to prohibit Dr. Kurt from testifying regarding his belief that Dr. Singh "cuts corners" in order to provide "fast" patient care. Further, Dr. Singh asks the court to exclude evidence of Dr. Kurt's belief that Dr. Singh has a bias against some patients and that he minimized those patients' complaints due to the bias. Dr. Singh argues that this evidence should be excluded pursuant to Rules 402 and 403 because is irrelevant because Dr. Kurt was not a decision maker and did not supervise or evaluate Dr. Singh. Allen Hospital responds that such evidence is relevant to Allen Hospital's contention that Dr. Singh was discharged for reasons other than his race. Allen Hospital argues that this evidence goes directly to its contention that Dr. Singh treated patients inappropriately and did not perform his job adequately.

The court finds that this proposed evidence from Dr. Kurt is relevant evidence. It has a high probative value because it goes directly to Allen Hospital's legitimate non-discriminatory reason for discharging Dr. Singh. Allen Hospital shall be allowed to elicit testimony from Dr. Kurt regarding his observations of Dr. Singh's abilities in the emergency room and his bedside manner.

The court shall deny this portion of Dr. Singh's Motion in Limine.

### 2. Dr. Lawse's testimony

Dr. Singh seeks to prohibit his former colleague, Dr. Lawse, from testifying regarding comments Dr. Singh allegedly made regarding women being ill-suited to be physicians. Dr. Singh relies on Rules 402 and 403 and seeks to exclude the testimony because it is irrelevant, unduly prejudicial and lacking in probative value. Allen Hospital argues the comments are admissible evidence because Dr. Singh was discharged, in part, due to his poor relations with others in the emergency department.

The court finds that the proposed testimony of Dr. Lawse regarding Dr. Singh's

comments about women physicians is relevant and its probative value is not substantially outweighed by its prejudicial effect. The testimony will make a fact of consequence, that is, whether Dr. Singh was discharged for a legitimate, non-discriminatory reason, more probable.

The court shall deny this portion of Dr. Singh's Motion in Limine.

## *V. CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED**:

(1) Allen Hospital's Motion in Limine (docket no. 26) is **GRANTED IN PART**, **DENIED IN PART**, and the court **RESERVES RULING IN PART**;

(2) Dr. Singh is directed to file affidavits with the court **before July 24, 2006**, as offers of proof if he desire to present evidence regarding claims of discrimination by other Allen Hospital employees;

(3) Dr. Singh's Motion in Limine (docket no. 27) is **GRANTED IN PART** and **DENIED IN PART**; and

(4) The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subjects. Each party is charged with the responsibility of cautioning its witnesses as to the substance of this order.

**IT IS SO ORDERED.**

**DATED** this 20th day of July, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA